IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | | |
|---|---|---|
| BRADLEY ALBERT, PATRICK KNIERY, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Civil Action No.: |
| Plaintiffs, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| HGS COLIBRIUM, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

NOW COME the Plaintiffs Bradley Albert and Patrick Kniery (hereinafter "Plaintiff Albert" and "Plaintiff Kniery", respectively, or "Plaintiffs", collectively), and file this Complaint for Damages against HGS Colibrium, Inc. (hereinafter "Defendant").  Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b).  Plaintiffs show as follows:

## I. Nature of Complaint

### 1.

Plaintiffs bring this action based on defendant's failure to pay federally mandated overtime wages to plaintiffs during their employment with defendant in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. (hereinafter "FLSA").  Plaintiffs further bring claims for defendant's failure to pay earned commissions.

## II.   Jurisdiction and Venue

2.

This Court has original jurisdiction of this Complaint pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. § 1367.

3.

Defendant is a Delaware for profit corporation whose principal place of business is located in Roswell, Georgia.   It is the successor by merger to Colibrium Direct, L.L.C. and Colibrium Partners, L.L.C., both of which were Georgia limited liability companies.

4.

Defendant has a registered agent for service of process in this District. A substantial part of the events or omissions giving rise to the claims herein occurred at 1805 Old Alabama Road, Roswell, Georgia 30076. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391, 29 U.S.C. §216(b), and LR 3.1, Northern District of Georgia.

### III.   <u>Parties</u>

5.

Plaintiffs are now and were at all times relevant to this action, adult citizens of the United States. Plaintiffs are entitled to bring actions of this type and nature. During the times when the events giving rise to this lawsuit took place, plaintiffs were residents of the State of Georgia.

6.

Each plaintiff was an "employee" of defendant, as defined under 29 U.S.C. §203(e).

7.

Plaintiffs worked for defendant within the last three years.

8.

Unless otherwise stated herein, plaintiffs were employed by defendant at all times relevant to their claims.

9.

Defendant is a provider of technology services and during the time in which plaintiffs were employed, sold health insurance policies, to residents of Colorado, as described below.

10.

Defendant is governed by and subject to the FLSA.

11.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d).

12.

At all times relevant to plaintiffs' claims, defendant was plaintiffs' employer.

13.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. § 203(r) and (s).

14.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

15.

Plaintiff Albert, as defendant's employee, was individually engaged in commerce or in the production of goods for commerce, or handled, sold or

otherwise worked on goods or materials that have been moved in or produced for commerce.

16.

Plaintiff Kniery, as defendant's employee, was individually engaged in commerce or in the production of goods for commerce, or handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce.

17.

Two or more of defendant's employees spoke on the telephone with insurance customers located outside of the State of Georgia on a daily basis in order to sell or obtain the renewal of health insurance policies for defendant's customers.

18.

Plaintiff Albert and Plaintiff Kniery, as defendant's employees, personally spoke on the telephone with customers located outside of the state of Georgia on a daily or near-daily basis to sell or renew health insurance policies for defendant.

19.

Defendant received substantial payments from Colorado Health Insurance Cooperative, Inc., ("Colorado HealthOp"), which was a non-profit health insurance cooperative located outside of the state of Georgia.

20.

Defendant's gross revenues exceed $500,000 per year.

21.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent for service at Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## IV.     **FACTUAL ALLEGATIONS**

22.

Plaintiff Albert was employed by defendant as a sales representative from September 2014 through February 2015.  A Consent to Join executed by plaintiff Bradley Albert pursuant to 29 U.S. C. § 216(b) is attached hereto as Exhibit "1."

23.

Plaintiff Kniery was employed by defendant as a sales representative

from October 2014 to February 2015.  A consent to Joint executed by plaintiff

Patrick Kniery is attached hereto as Exhibit "2."

24.

Defendant paid plaintiffs Albert and Kniery hourly rates during their

employment.

25.

Defendant has or can obtain copies of plaintiffs' payroll records.

26.

Defendant initially paid Plaintiff Albert $12.00 per hour at the beginning of

his employment, and increased this to $15.00 per hour shortly thereafter.  Defendant

continued to pay plaintiff Albert $15.00 per hour until his employment ended in

April 2015.

27.

Defendant initially paid Plaintiff Kniery $15.00 per hour and continued to pay

him at this rate until his employment ended in April 2015.

28.

During plaintiffs' employment by defendant as sales representatives, they

performed non-exempt labor.

29.

Plaintiffs' primary job duties included selling health insurance policies to persons residing in Colorado.  Plaintiffs also obtained the renewal of health insurance policies.  Plaintiffs sold and obtained renewals of these policies on behalf of defendant's client, Colorado HealthOp.

30.

During plaintiffs' employment, they routinely worked in excess of forty (40) hours per workweek.

31.

Plaintiffs routinely started working around 8:00 a.m.

32.

Plaintiffs often worked through lunches without taking lunch breaks.

33.

Plaintiffs estimate in good faith that they regularly worked approximately forty-eight (48) hours in a typical workweek.

34.

Accordingly, plaintiffs estimate in good faith that they regularly worked approximately eight (8) overtime hours in a typical workweek throughout their employment.

35.

Plaintiffs, however, were not paid the overtime wage differential for those hours that they worked over forty (40) in a workweek.  Plaintiffs additionally were not paid straight-time wages for these hours which they worked over forty (40) in a workweek.

36.

Defendant was aware that plaintiffs were working in excess of forty (40) hours per workweek.

37.

Plaintiffs' supervisors observed them working in excess of forty (40) hours in a workweek.

38.

Each workday, plaintiffs electronically logged-in to defendant's time-keeping system at or near the beginning of work and logged out upon completing work. Nevertheless, defendant's managers would change plaintiffs' time records to reflect that plaintiffs had not worked over forty hours in a week and thus deprive the plaintiffs of straight time and overtime compensation.

39.

Although defendant's managers changed plaintiff's time records to indicate that plaintiffs worked less than forty hours in a week, plaintiffs' duties routinely required them to work over eight hours in a day and 40 hours in a week.

40.

Despite defendant's knowledge throughout plaintiffs' employment that plaintiffs worked over 40 hours in a week, defendant did not pay plaintiffs straight-time wages for all the hours they worked.

41.

Despite defendant's knowledge throughout plaintiffs' employment that plaintiffs regularly worked in excess of forty (40) hours in a workweek, defendant did not pay plaintiffs overtime premiums.

42.

Defendant's conduct was therefore willful and in reckless disregard of the law.

43.

These practices violated the provisions of the FLSA, 29 U.S.C. § 201, et seq. including, but not limited to 29 U.S.C. § 207.  As a result of these unlawful practices, plaintiffs have suffered a loss of straight-time overtime wages.

**FAIR LABOR STANDARDS COLLECTIVE ACTION ALLEGATIONS**

44.

Plaintiffs on behalf of themselves and all those similarly situated, re-allege and incorporate by reference all allegations in all preceding paragraphs.

45.

Plaintiffs bring this FLSA collective action on behalf of themselves and all those similarly situated pursuant to 29 U.S.C. § 207 and 216(b), and specifically on behalf of:

> All persons who work or have worked as a non-exempt sales representative for Colibrium in the State of Georgia, in the past three years who were (a) not paid for all work performed while clocked-in; (b) were not paid for all work performed while off-the-clock; and, (c) were not compensated for time worked over forty hours per week at overtime rates (the "FLSA Class").

46.

Excluded from the FLSA Class is defendant, its officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendant.

47.

Plaintiffs are unable to state the exact number of the class without discovery of defendant's books and records, but estimate the class to be approximately 60 individuals.

48.

Defendant required plaintiffs and the FLSA Class members to perform work on-the-clock and/or off-the-clock for which they were not fully compensated. Defendants also failed to pay plaintiffs and members of the FLSA Class time and one half their regular rate of pay for hours worked beyond forty hours in a workweek.

49.

Defendant's unlawful conduct was widespread, repeated and consistent.

50.

Defendant's conduct was willful and in bad faith and has caused significant damages to plaintiffs and all members of the FLSA Class.

51.

Defendants are liable under the FLSA for failing to properly compensate plaintiffs and the FLSA Class and for failing to properly document wage deductions, and as such, notice should be sent out to the FLSA class.

52.

There are numerous similarly situated, current and former employees of defendant who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and be provided an opportunity to join the action.  The FLSA Class members are known to defendants and should be easily identified through defendant's books and records.

## UNPAID COMMISSION ALLEGATIONS

53.

Plaintiffs on behalf of themselves and all those similarly situated, re-allege and incorporate by reference all allegations in all preceding paragraphs.

54.

As described above, defendant promised to pay plaintiffs a commission of $20 for each insurance policy that was sold or renewed.

55

Plaintiffs duly sold and renewed such policies on defendant's behalf.

56.

Plaintiffs complied fully with all their obligations to receive commissions on

the sale and renewal of the policies.

57.

Nevertheless, defendant failed to fully pay all commissions that were due to plaintiffs.

58.

As a result of the foregoing, defendant is indebted to plaintiffs for unpaid commissions in an amount to be proved at trial.

## V. COUNT ONE: VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FLSA

59.

Defendant suffered and/or permitted plaintiffs to routinely work more than forty (40) hours per week.

60.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

61.

Defendant violated FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that plaintiffs worked in excess of forty (40) hours in a workweek.

62.

Defendant's actions, policies, and/or practices as described above violate the FLSA in that defendant regularly and repeatedly failed to compensate plaintiffs at the required overtime rate.

63.

Defendant received inquiries from Plaintiff Albert and Plaintiff Kniery concerning hours worked, tracking hours, and non-payment of overtime. Defendant's supervisors told plaintiffs that defendant did not and would not pay overtime.

64.

After plaintiff Albert's and Plaintiff Kniery's inquiries and their supervisors' representations about non-payment of overtime, defendant did not take remedial action and continued to deny plaintiffs overtime wages.

65.

Therefore, defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiffs FLSA-mandated overtime compensation.

66.

As the direct and proximate result of defendant's unlawful conduct, plaintiffs have suffered and will continue to suffer a loss of income and other damages.

67.

Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

68.

Although plaintiffs were observed working more than forty (40) hours per week, defendant's supervisors directed plaintiffs to log out of defendant's computer system each day before eight hours had expired and regardless of whether plaintiffs had completed their work.

69.

Defendant therefore failed to make, keep and preserve records sufficient to determine plaintiffs' respective hours in violation of the FLSA.

70.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA as defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of the FLSA.

## VI.   <u>COUNT II: UNPAID COMMISSIONS</u>

71.

Plaintiffs fulfilled all conditions precedent necessary to earn commissions on the sale and renewal of health insurance policies for defendant.

72.

Nevertheless, defendant failed to fully pay plaintiffs all such commissions.

73.

Defendant is indebted to plaintiffs for unpaid commissions in an amount to be proven at trial.

74.

Defendant's failure to pay plaintiffs all of their earned commissions has been in bad faith, stubbornly litigious and caused plaintiffs unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request that this Court:

(A)  Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding plaintiffs their unpaid overtime wages pursuant to the FLSA, 29 U.S.C. § 207; liquidated damages as provided by 29 U.S.C. § 216; pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216;

and court costs, expert witness fees, reasonable attorneys' fees, as provided

under FLSA § 216, and all other remedies allowed under the FLSA;

(C)   Declare that this case may proceed as a collective action pursuant to 29

U.S.C. § 216(b) and provide this notice by provided it to all potential

members of the collective class;

(D)   Award plaintiffs their unpaid commissions;

(E)   Award plaintiffs their attorneys fees pursuant to O.C.G.A. § 13-6-1;

(F)   Grant a declaratory judgment declaring that Plaintiffs rights have been

violated;

(G)   Grant leave to add additional state law claims if necessary; and

(H)   Award plaintiffs such further and additional relief as may be just and proper.

Respectfully submitted this 22nd day of August, 2016.

**STOKES WAGNER, ALC**

_____
John R. Hunt, Esq.
Georgia Bar No. 378530
One Atlantic Center, Suite 2400
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 766-0076 (Telephone)
(404) 766-8823 (Facsimile)
jhunt@stokeswagner.com

Attorneys for plaintiffs

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.


s/ John R. Hunt

_____

John R. Hunt