IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| BRADLEY ALBERT, PATRICK KNIERY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HGS COLIBRIUM, INC.,<br><br>    Defendant. | Civil Action No.:<br><br>1:16-cv-03072-WSD |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description of Case:**

    **(a) Describe briefly the nature of this action.**

The plaintiffs are former employees of defendant HGS Colibrium, Inc., ("Colibrium") who, according to the Complaint, were employed in the position of sales representative. They allege that Colibrium violated the Fair Labor Standards Act by not paying them overtime compensation for all hours that they worked over forty in a workweek. Plaintiffs filed their Complaint on behalf of themselves and seek to represent others who plaintiffs claim are "similarly situated" under section 216(b) of the FLSA. Plaintiffs intend to seek certification of the case as a collective action. Plaintiffs also seek payment for commissions they allege were

earned but not paid, under Georgia law.

Colibrium denies the plaintiffs' allegations and states that it properly paid plaintiffs for any overtime; this action is not suitable to proceed as a collective action; and Colibrium does not owe plaintiffs any commissions.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiffs' Summary

The plaintiffs worked for Colibrium as sales representatives. Their primary job duties included selling health insurance policies to persons residing in Colorado. Plaintiffs also obtained the renewal of health insurance policies. Plaintiffs sold and obtained renewals of these policies on behalf of Colibrium's client, Colorado HealthOp.

During plaintiffs' employment, they routinely worked in excess of forty (40) hours per workweek. The plaintiffs worked five days per week, Monday through Friday. The plaintiffs typically started working around 8:00 a.m. and often worked through lunches without taking lunch breaks. Plaintiffs estimate in good faith that they regularly worked approximately forty-eight (48) hours in a typical workweek.

Plaintiffs, however, were not paid the overtime wage differential for those hours that they worked over forty (40) in a workweek. Plaintiffs additionally were not paid straight-time wages for these hours which they worked over forty (40) in a workweek. Colibrium was aware that plaintiffs were working in excess of forty (40) hours per workweek because, among other things, plaintiffs' supervisors observed them working in excess of forty (40) hours in a workweek.

Each workday, plaintiffs electronically logged-in to Colibrium's time-keeping system at or near the beginning of work. Colibrium's supervisors directed them to log out of the computer system each day before eight hours had expired, regardless of whether plaintiffs had completed their work. On those occasions where plaintiffs did not log out and continued to work past eight hours, Colibrium's managers would change plaintiffs' time records to reflect that plaintiffs had not worked over forty hours in a week and thus deprive the plaintiffs of straight time and overtime compensation.

Other sales representatives ("SRs") also worked at defendant's facility located at 1805 Old Alabama Road, Roswell, Georgia 30076. Approximately 40 to 50 SRs sold and renewed health insurance policies exclusively on behalf of defendant's client, Colorado HealthOp. Like the plaintiffs, these individuals sold and renewed these policies to persons in Colorado by telephone. The SRs worked

in the same room as the plaintiffs at the Roswell facility. The SRs worked for the same team leaders as the plaintiffs, all whom were under the overall supervision of Colibrium's manager, Ms. Sharon Boone. The SRs were subject to the same work rules as the plaintiffs. Like the plaintiffs, the SRs were paid on an hourly basis and subject to the same practices concerning overtime.

Colibrium promised to pay plaintiffs a commission of $20 for each insurance policy that was sold or renewed. Plaintiffs duly sold and renewed such policies on defendant's behalf. Plaintiffs complied fully with all their obligations to receive commissions on the sale and renewal of the policies. Nevertheless, defendant failed to fully pay all commissions that were due to plaintiffs. As a result of the foregoing, defendant is indebted to plaintiffs for unpaid commissions in an amount to be proved at trial.

Defendant's Summary

Colibrium employed the plaintiffs as licensed agents who were responsible as temporary employees for selling health insurance policies for one of Colibrium's insurer-clients, which the Complaint refers to as "Colorado HealthOp."

Colibrium employed a computerized timekeeping system to ensure that all hours worked were properly recorded. Plaintiffs were responsible for clocking in

and clocking out, but did not always do so in which case Colibrium managers determined in good faith the correct number of hours worked using a variety of means. Plaintiffs were fully capable of monitoring the hours recorded for their time, and never complained about any problems or inaccuracies until after they completed their period of employment at Colibrium and demanded additional commissions to which they were not entitled.

If any overtime was worked by plaintiffs and not paid for, it was either *de minimis* or Colibrium did not know or reasonably know of such overtime work.

Plaintiffs are not similarly situated to all other licensed agents working on the "Colorado HealthOp" account.

Colibrium paid all commissions due and payable to plaintiffs. Plaintiffs erroneously claim that they are entitled to commissions for services that were outside the scope of the commission arrangements.

**(c) The legal issues to be tried are as follows:**

(1)   Whether plaintiffs are similarly situated to the members of the putative collective action they seek to represent.

(2)   Whether plaintiffs performed work for defendant in excess of forty hours per week for which they did not receive proper compensation.

(3)   Whether any violation of the FLSA by defendant was willful.

(4)   Whether defendant acted in good faith with respect to its pay practices with respect to plaintiffs.

(5) Whether any violation of FLSA overtime requirements was *de minimis*.

(6) Whether defendant violated the FLSA's record-keeping requirements.

(7) What damages – if any – are plaintiffs to entitled under the FLSA.

(8) Whether plaintiffs earned commissions during their employment by defendant that were not paid, and, if so, in what amount.

(9) If plaintiffs are owed commissions, whether defendant's failure to pay was in bad faith or otherwise within the meaning of O.C.G.A. § 13-6-11.

(10) Whether plaintiffs are entitled to declaratory relief.

**(d) The cases listed below are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2.  This case is complex because it possesses one (1) or more of the features listed below (please check):**

  __X__ **(1) Unusually large number of parties** [1]

  ___ **(2) Unusually large number of claims or defenses**

  ___ **(3) Factual issues are exceptionally complex**

  ___ **(4) Greater than normal volume of evidence**

  __X__ **(5) Extended discovery period is needed**

  ___ **(6) Problems locating or preserving evidence**

  ___ **(7) Pending parallel investigations or action by the government**

  ___ **(8) Multiple use of experts**

  ___ **(9) Need for discovery outside United States boundaries**

  ___ **(10) Existence of highly technical issues and proof**

**3.      Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

    Plaintiffs:                                     John R. Hunt, Esq.
                                                          Stokes Wagner, A.L.C.
                                                          One Atlantic Center, Ste. 2400
                                                          1201 W. Peachtree Street, N.W.
                                                          Atlanta, Georgia 30309
                                                          Tel: (404) 766-0076
                                                          Fax: (404) 766-8823
                                                          Email: jhunt@stokeswagner.com

---

[1] Whether the case will have an unusually large number of parties will depend upon whether it is conditionally certified as a collective action.

    Defendant:                                    Daniel I. Prywes, Esq.
                                                Morris, Manning & Martin, LLP
                                                1401 Eye Street, NW
                                                Washington, DC 20005
                                                Tel: (202) 408-5153
                                                Email: dprywes@mmmlaw.com
                                                (admitted *pro hac vice*)

                                                John A. Lockett, III, Esq.
                                                Morris Manning & Martin, LLP
                                                1600 Atlanta Financial Center
                                                3343 Peachtree Road NE
                                                Atlanta, GA 30326-1044
                                                Tel: (404) 233-7000
                                                Email: jlockett@mmmlaw.com

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

No.

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.     Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None. The plaintiffs, however, intend to file a motion seeking conditional

certification of this case as a collective action under 29 U.S.C. § 216(b). Plaintiffs plan to do so by January 31, 2017. The parties propose that Defendant should file an Opposition by March 2, 2017, and any Reply should be due by March 13, 2017.

**(b) The following persons are improperly joined as parties:**

Not applicable.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

The parties' names are accurately stated.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.   **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

On December 19, 2016, the Court granted plaintiffs' unopposed Motion for

Leave to File Plaintiffs' First Amended Complaint. (Dkt. No. 20.)  Defendant Colibrium has not yet filed an Answer, and cannot say whether any amendments to its Answer or other pleadings will be necessary.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

**(a) *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.**

**(b) *Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

**(c) *Other Limited Motions:*  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties plan to exchange Initial Disclosures by December 30, 2016.

The parties, however, disagree about two issues concerning the Initial Disclosures. Colibrium submits that counsel for each party should disclose with their Initial Disclosures the substance of all communications relating to this lawsuit by a party or its counsel to that date with other members of the proposed class, and the names of those involved in such communications.  Colibrium further submits that each party should supplement that disclosure when filing their opening briefs relating to the plaintiffs' planned motion for conditional certification. Colibrium seeks such disclosures pursuant to the Court's authority to oversee "pre-certification, *ex parte* communications with putative FLSA collective members."

*Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914, 921 (11th Cir. 2014). The plaintiffs object to these two proposed disclosures on the grounds that they are not necessary or required under Rule 26.

**9.   Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference.

**10.   Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

(1)   Plaintiffs' claims;

(2)   Defendant's defenses;

(3)   Each party's methods and procedures for retaining electronically stored information and other records;

(4)   Whether plaintiffs are similarly situated to those they seek to represent;

(5)   Plaintiffs' job duties and responsibilities;

(6)   The compensation paid to plaintiffs and defendant's methods for determining that compensation;

(7)   Hours worked by plaintiffs in a workweek;

(8)   Commissions allegedly earned by plaintiffs;

(9)   Defendant's policies and practices as applied to plaintiffs; and

(10)  Plaintiffs' alleged damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

To the extent this case is conditionally certified, the parties believe additional time beyond the four month discovery track will be needed to complete discovery.

The parties propose that they submit an amended Joint Report and Discovery Plan within fourteen (14) days following the Court's ruling on plaintiffs' planned motion for conditional certification.

**11.   Discovery Limitations**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

The parties propose the following:

Unless good cause is shown, plaintiffs should be limited to eight (8) depositions, not including expert witnesses.

Unless good cause is shown, Defendants should be limited to eight (8) depositions, not including expert witnesses, and shall also be permitted to take depositions of any additional persons that "opt-in" as plaintiffs if the Court should grant plaintiffs' planned motion for conditional certification.

**(b) Is any party seeking discovery of electronically stored information?**

Yes.

(1)   **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the**

**scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties do not know at this time the sources or scope of ESI. Once more information becomes available, the parties will amend the Joint Preliminary Report and Discovery Plan. However, to the extent the production of ESI becomes necessary, the parties agree to produce ESI in accordance with the production protocol set forth below in subsection 2.

**(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

To the extent production of electronic documents becomes necessary, the parties agree that the production of electronic documents will be conducted as follows:

(a)   Electronic documents will be produced in TIFF format with the exception of Excel documents which will be produced in native form. TIFFs will be black-and-white, single page, 300 DPI, Group IV TIFF images which can be loaded into popular litigation software packages.

(b)   OCR or full text will also be provided for all documents produced.

(c)   With respect to metadata, the parties agree that there is no need for the

production of all metadata at this time, but that metadata will be preserved. That said, the parties agree to provide an accompanying load file or field list for each production containing the following fields, where available: FOR EMAIL - Begprod and Endprod; Begattach and Endattach; Custodian; From; Recipient; Copied; Subject; Date sent; Time Sent; File Extension; Internal File Path. FOR ATTACHMENTS/NATIVE FILES - Begprod and Endprod; Begattach and Endattach; Custodian; File Name; Author; Date Created; Time Created; Date Last Modified; Time Last Modified; Document Type; File Extension; Link to native file (for excels).

(d)   The parties may conduct a global de-duplication so that only one record for each document will be produced.

(e)   The parties will maintain a privilege log identifying documents identified as responsive but withheld from production. The log will contain at least the following information: Bates numbering, type of document, date, Author/From, Recipient/To/Cc, General Subject Matter, basis for privilege.

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

The parties intend to submit a proposed Confidentiality Order.

As indicated above in item 8, Colibrium requests that the Court order counsel for each party to disclose with their Initial Disclosures the substance of all communications relating to this lawsuit by a party or its counsel to that date with other members of the proposed class, and the names of those involved in such communications.  Colibrium further requests that the Court order each party to supplement that disclosure when filing their briefs relating to the plaintiffs' planned motion for conditional certification. As also noted above, the plaintiffs object to these requests and do not believe they are necessary or required under Rule 26.

**13.   Settlement Potential:**

**(a) Lead counsel for Plaintiff and Defendants certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>December 5, 2016</u>, and that they participated in settlement discussions.**

| | |
|---|---|
| **For Plaintiffs:** | Lead counsel (signature): |
| | /s/ John R. Hunt |
| | John R. Hunt |
| **For Defendant:** | /s/ Daniel I. Prywes |
| | Daniel I. Prywes |

**Other participants:**

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(__) A possibility of settlement before discovery.**

**( X ) A possibility of settlement after discovery.**

**(__) A possibility of settlement, but a conference with the judge is needed**.

**(__) No possibility of settlement**.

**(c) Counsel (__X___) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case:**

 None at this time, besides uncertainty whether the Court will conditionally or finally certify a collective action.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a**

**United States Magistrate Judge form has been submitted to the Clerk of Court**

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

Dated: December 20, 2016.

                                            Respectfully submitted,

                                            s/John R. Hunt
                                            John R. Hunt, Esq.
                                            Stokes Wagner, A.L.C.
                                            One Atlantic Center, Ste. 2400
                                            1201 W. Peachtree Street, N.W.
                                            Atlanta, Georgia 30309
                                            Tel: (404) 766-0076
                                            Fax: (404) 766-8823
                                            jhunt@stokeswagner.com
                                            Attorneys for Plaintiffs

                                            s/Daniel I. Prywes
                                            Daniel I. Prywes, Esq.
                                            Morris, Manning & Martin, LLP
                                            1401 Eye Street, NW
                                            Washington, DC 20005
                                            Tel: (202) 408-5153
                                            Email: dprywes@mmmlaw.com
                                            (admitted *pro hac vice*)

                                            s/ John A. Lockett, III
                                            John A. Lockett, III, Esq.
                                            Morris Manning & Martin, LLP
                                            1600 Atlanta Financial Center
                                            3343 Peachtree Road NE

Atlanta, GA 30326-1044
Tel: (404) 233-7000
Email: jlockett@mmmlaw.com

Attorneys for Defendant