# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BRADLEY ALBERT and
PATRICK KNIERY, individually
and on behalf of all others similarly
situated,

                Plaintiffs,

  v.

HGS COLIBRIUM,

                Defendant.

1:16-cv-3072-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Bradley Albert ("Albert") and Patrick Kniery's ("Kniery") (together, "Plaintiffs") Motion for Conditional Certification [29].

## I. BACKGROUND

This is a putative collective action brought by Plaintiffs against their former employer, HGS Colibrium ("Colibrium" or "Defendant"). Plaintiffs claim Defendants failed to pay overtime compensation to Plaintiffs for hours worked in excess of forty (40) hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

To support their Motion for Conditional Certification, Plaintiffs submit their individual declarations and the declarations of two opt-in plaintiffs, Rita Lacey ("Lacey") and Scott Kuechenmeister ("Kuechenmeister") (together, "Opt-in Plaintiffs") (collectively, "Declarants").

Defendant is a technology services company that, among other things, markets health insurance products. (Am. Compl. ¶ 9; Boone Decl. [32.1] ¶ 5). Plaintiffs were employed by Defendant at its Roswell, Georgia, facility, from September 2014 to February 2015. (Albert Decl. ¶ 2; Kniery Decl. ¶ 2). Opt-in Plaintiffs Lacey and Kuechenmeister were employed at the Roswell facility from September 2014 to March 2015, and October 2014 to February 2015, respectively. (Lacey Decl. ¶ 2; Kuechenmeister Decl. ¶ 2). Declarants worked as Sales Representatives ("SR") and were paid on an hourly basis. (Albert Decl. ¶¶ 2-3; Kniery Decl. ¶¶ 2-3; Lacey Decl. ¶¶ 2-3; Kuechenmeister Decl. ¶¶ 2-3). Declarants' primary job duties included "selling health insurance policies to persons residing in Colorado" and "obtain[ing] the renewal of health insurance policies" "on behalf of defendant's client, Colorado HealthOp." (Id. ¶ 4). Declarants were supervised by team leaders, who reported to Manager Sharon Boone. (Id. ¶ 20).

Declarants claim that Defendant required all SRs to perform work off-the-clock for which they were not fully compensated. (Id. ¶ 22). Declarants assert that their duties routinely required them to work more than eight hours per day and over forty hours per week, and their supervisors observed them working in excess of forty hours per week. (Id. ¶¶ 13, 15). Declarants state that they clocked-in at the beginning of their shifts, and their supervisors directed them to log out each day before eight hours had passed, regardless of whether they had completed their work. (Id. ¶¶ 14, 22). Declarants claim that, when they did not log out and continued to work more than eight hours, their managers would change the time records to reflect that they had not worked over forty hours in a week. (Id.). Declarants estimate that they worked approximately forty-eight (48) hours per week, but were not paid for the overtime work they performed. (Id. ¶¶ 9, 11).

On August 22, 2016, Plaintiffs filed their Complaint [1]. In response to Defendant's Motion to Dismiss [10], on December 19, 2016, Plaintiffs filed their Amended Complaint [21]. Plaintiffs assert a claim against Defendants for willful

failure to pay overtime, in violation of Section 207 of the FLSA.[1]  Plaintiffs seek to represent:

> All persons employed by Colibrium as non-exempt sales representatives at its Roswell, Georgia facility who sold or renewed policies for Colorado HealthOp between September 1, 2014 and [March 31, 2015,[2]] and who were (a) not paid for all work performed while clocked-in; (b) were not paid for all work performed while off-the-clock; and (c) were not compensated for time worked over forty hours per week at overtime rates.

(Am. Compl. ¶ 54).

On February 7, 2017, Plaintiffs moved to conditionally certify the class. Plaintiffs also seek an order requiring Defendant to produce the names and contact information of potential class members, and that the Court authorize Plaintiffs' proposed Notice of Lawsuit ("Notice") [29.6].  Defendant opposes conditional certification.

---

[1] Plaintiffs also assert a claim to recover unpaid commissions.  (Am. Compl. ¶¶ 80-83).  This claim is not at issue in the Motion for Conditional Certification.

[2] Although Plaintiffs' Amended Complaint defines the class to include SRs employed by Defendants through April 30, 2015, Plaintiffs' Motion seeks to certify the class as SRs employed by Defendants through March 31, 2015.  The Court notes further that there is no evidence to support that either Plaintiffs, or any of the Opt-in Plaintiffs, worked for Defendant after March 2015.

## II. DISCUSSION

### A. Legal Standard to Conditionally Certify a Collective Action

The FLSA requires covered employers to pay non-exempt employees who work more than forty hours in a week an overtime rate of one and one-half times the employee's regular pay rate for all hours worked that exceed forty. 29 U.S.C. § 207(a). Section 216(b) imposes liability on employers for violations of Section 207 and authorizes employees to bring lawsuits to recover that liability. Employees may sue individually or they may bring a collective action on behalf of themselves and other "similarly situated" employees:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Id. § 216(b). A collective action under Section 216(b) requires potential plaintiffs to affirmatively opt into the lawsuit. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001). "The decision to create an opt-in class under § 216(b) . . . remains soundly within the discretion of the district court." Id. at 1219.[3]

---

[3] Hipp involved a collective action under the Age Discrimination and Employment Act of 1967. That statute incorporates the FLSA's collective action

The Eleventh Circuit sets out a two-step process to certify a collective action under Section 216(b). Id. In the initial, so-called "notice stage," the question is whether notice of the action should be given to potential class members. Id. at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213 (5th Cir. 1995)). Relying on the pleadings and affidavits submitted by the parties, the Court applies a "fairly lenient standard" that "typically results in 'conditional certification' of a representative class." Id. (quoting Mooney, 54 F.3d at 1213-14). Whether notice shall be given also focuses on whether there are other employees who would desire to opt-in, and who are "similarly situated" to plaintiffs. See Dyback v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiffs must show there are other employees who wish to opt in and that these other employees are similarly situated. See Delano v. MasTec, Inc., No. 8:10-cv-320-T-27MAP, 2011 WL 2173864, at *4 (M.D. Fla. June 2, 2011). If the Court conditionally certifies a class, potential class members receive notice and an opportunity to opt into the class and the parties complete discovery. Hipp, 252 F.3d at 1218 (quoting Mooney, 54 F.3d at 1213-14).

The second stage is optional and usually occurs if the defendant moves for "decertification" after the completion of all or most discovery in the case. Hipp,

---

provision, and Hipp therefore applies in both contexts. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 n.37 (11th Cir. 2008).

252 F.3d at 1218 (quoting Mooney, 54 F.3d at 1213-14). Based on the more extensive factual record, the court makes a factual determination whether claimants are similarly situated. Id. (quoting Mooney, 54 F.3d at 1213-14). If they are, the collective action proceeds on the merits. If not, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed on their individual claims. Id. (quoting Mooney, 54 F.3d at 1213-14).

B. Analysis

The Court here considers whether conditional certification is appropriate. In doing so, the Court must determine if there are other employees who desire to opt-in, and who are "similarly situated" to the plaintiff. See Dyback v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). Two individuals have already opted into this litigation. This shows that former employees seek to be members of a collective action, and the desire to opt-in criteria is met.

Plaintiffs next bear the burden of demonstrating a reasonable basis to conclude that they are similarly situated to the members of the proposed collective action. Cf. Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). Plaintiffs "may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Id.

Plaintiffs are, at this stage, required only to show that they and the potential class members are similarly, not identically, situated. Id. at 1096. They are not required to show they were subjected to a common or unified policy, plan or scheme, see id. at 1095, although this is a common and effective way to satisfy the "similarly situated" requirement. Plaintiffs "must [at least] make some rudimentary showing of commonality between the basis for [their] claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." Scott v. Heartland Home Fin., Inc., No. 1:05-cv-2812-TWT, 2006 WL 1209813, at *6 (N.D. Ga. May 3, 2006) (quoting Marsh v. Butler Cnty. Sch. Sys., 242 F. Supp. 2d 1086, 1093 (M.D. Ala. 2003)); see also Barron v. Henry Cnty. Sch. Sys., 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003) ("[W]hile a unified policy, plan or scheme of discrimination may not be required to satisfy the more liberal similarly situated requirement, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency.").

Plaintiffs seek to represent Sales Representatives employed by Colibrium at its Roswell location from September 2014 to March 2015, who sold and renewed health insurance policies for Colibrium's client, Colorado HealthOp. Plaintiffs

rely on their declarations and the declarations of the two Opt-in Plaintiffs to support that Plaintiffs are similarly situated to members of the proposed class.[4]

Plaintiffs and the Opt-in Plaintiffs worked for Colibrium as Sales Representatives at its Roswell location, at various times between September 2014

---

[4] Defendant argues that conditional certification is not warranted because the declarations of Plaintiffs and the Opt-in Plaintiffs are nearly identical, vague and rely on unsupported "beliefs" rather than specific facts. Although the conclusory nature of the declarations and the fact that they are nearly identical is troubling, the Court nonetheless considers these documents in deciding whether to conditionally certify the class. See Beecher v. Steak N Shake Opers., Inc., 904 F. Supp. 2d 1289, 1298 n.7 (N.D. Ga. 2012); see also McCray v. Cellco P'ship, No. 1:10-cv-2821-SCJ, 2011 WL 2893061, at *3 (N.D. Ga. 2011) (overruling defendant's objections that plaintiffs' declarations were not based on personal knowledge and amounted to hearsay; stating, "[a]fter considering the procedural posture of this case (i.e. conditional certification and the 'fairly lenient' standard . . .), the Court will allow a relaxed evidentiary standard at this point of the litigation.").

The Court notes that the Declaration of Sharon Boone, and the records attached to it, cast doubt on some of the assertions in Plaintiffs' and Opt-in Plaintiffs' declarations. At the notice stage, however, all that is required is "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Grayson, 79 F.3d at 1097 (internal quotation and citation omitted). The Court declines to resolve factual issues or make credibility determinations at this early stage of the litigation. See id. at n. 17 (plaintiffs' allegations were sufficient to warrant conditional class certification despite defendant's substantial allegations to the contrary supported by affidavits and depositions); Scott, 2006 WL 1209813, at *2 (declining to resolve factual issues or make credibility determinations at this stage) (citing Severtson v. Phillips Beverage Co., 141 F.R.D. 276, 279 (D. Minn. 1992) & Camper v. Home Quality Mgmt. Inc., 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice.")); White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1317-18 (M.D. Ala. 2002) (considering contradictory evidence submitted by employer but finding plaintiffs adequately demonstrated the existence of similarly-situated aggrieved individuals).

and March 2015. Their duties included "selling health insurance policies to persons residing in Colorado" and "obtain[ing] the renewal of health insurance policies" "on behalf of defendant's client, Colorado HealthOp." (Albert Decl. ¶ 4; Kniery Decl. ¶ 4; Lacey Decl. ¶ 4; Kuechenmeister Decl. ¶ 4). They worked five days per week and were paid an hourly rate. (Id. ¶¶ 3, 7). They were supervised by team leaders, who reported to Manager Sharon Boone. (Id. ¶ 20).

Plaintiffs and the Opt-in Plaintiffs state that their supervisors directed them to log out of Defendant's computer system each day before eight hours had expired, regardless of whether they had completed their work. (Id. ¶ 14). They claim that when they did not log out and continued to work more than eight hours, Defendant's managers would change their time records to reflect that they had not worked over forty hours in a week. (Id. ¶ 14). They assert that, although the time records were changed to indicate that they worked less than forty hours in a week, their duties routinely required them to work over eight hours in a day and forty hours in a week. (Id. ¶ 15). They claim that they regularly worked approximately forty-eight (48) hours per week, but were not paid for the overtime work they performed. (Id. ¶¶ 9, 11). These declarations support that SRs were subject to a common practice of being required to work in excess of forty hours per week without compensation.

In opposing conditional certification, Defendant argues that a collective action is not appropriate here because "many SRs never worked even close to forty hours a week, and liability cannot be established on a class-wide basis." (Id. at 4). Defendant contends further that there are significant differences among the 62 potential members of the class, including the number of hours they worked per week, their time-keeping practices and receipt of overtime pay, and that determining liability will require "thousands of highly individualized determinations of each [SR's] daily activities, using a variety of data sources." (Resp. [32] at 3). Defendant's arguments, however, go to the merits of the underlying claims and the suitability of allowing the case ultimately to proceed as a collective action, rather than an individual action on behalf of Plaintiffs Albert and Kniery. These issues are more appropriately considered during the second, or motion to decertify, stage of the certification process. At the conditional certification stage, "[t]he focus of this inquiry . . . is not on whether there has been an actual violation of the law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated . . . . [A] court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists." Kreher v. City of Atlanta,

No. 1:04-cv-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006) (quoting Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54-55 (S.D.N.Y. 2005)). The appropriate time to address issues of liability and individual differences between putative class members is after the completion of discovery and during the second stage of the certification determination. See id. at n.8; see also Scott, 2006 WL 1209813, at *3 ("[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage."); Riddle v. Suntrust Bank, No. 1:08-cv-1411-RWS, 2009 WL 3148768, at *2-3 (N.D. Ga. Sept. 29, 2009) (collecting cases).

The evidence submitted at this stage supports Plaintiffs' allegation that the Opt-in Plaintiffs, and other SRs, worked "off-the-clock" hours, Defendant knew they did, and Defendant required them to log out and continue working or manually reduced their recorded hours. Plaintiffs have submitted evidence sufficient to show at the notice stage that Plaintiffs are similarly situated to members of the proposed class. The Court conditionally certifies the class as: "All persons employed by Colibrium as non-exempt Sales Representatives at its Roswell, Georgia, facility who sold or renewed policies for Colorado HealthOp between September 1, 2014 and March 31, 2015."

C. Notice

The purpose of conditionally certifying an FLSA collective action is to facilitate notice to potential opt-in plaintiffs. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169-70 (1989). District courts have discretion to authorize and oversee the notice process, including authorizing discovery about potential plaintiffs and monitoring the preparation and distribution of the notice to ensure that it is timely, accurate, and informative. See id. at 171-72; Maddow v. Proctor & Gamble Co., 107 F.3d 846, 854 (11th Cir. 1997).

Plaintiffs move to require Defendant to produce information about potential class members, including their full names, job titles, addresses, telephone numbers, dates of employment, locations of employment, and dates of birth. This information is within Defendant's possession, its production to Plaintiff will facilitate issuance of the notice, and it is required to be produced by Defendant.[5]

Having carefully reviewed the parties' proposed Notices, the Court approves the Notice in the form attached as Exhibit A to this Order.

---

[5] The production of the employees' social security numbers is not required at this time.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Certification [29] is **GRANTED**.

**IT IS FURTHER ORDERED** that Notice shall be given to potential class members in the form attached to this Order.

**IT IS FURTHER ORDERED** that Defendant shall, on or before May 25, 2017, provide to Plaintiffs a list of persons employed by Colibrium as non-exempt Sales Representatives at its Roswell, Georgia, facility who sold or renewed policies for Colorado HealthOp between September 1, 2014 and March 31, 2015. For these identified employees, Defendant shall provide their full name, job title, last known address and telephone number, date of employment, location of employment, and date of birth.

**SO ORDERED** this 3rd day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRADLEY ALBERT and PATRICK KNIERY, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>HGS COLIBRIUM, INC.,<br><br>                Defendant. | 1:16-cv-3072-WSD |

## NOTICE OF LAWSUIT

TO:   ALL INDIVIDUALS EMPLOYED BY HGS COLIBRIUM, INC. AS SALES REPRESENTATIVES AT ITS ROSWELL, GEORGIA FACILITY WHO SOLD OR RENEWED HEALTH INSURANCE POLICIES FOR COLORADO HEALTHOP FROM SEPTEMBER 1, 2014, TO MARCH 31, 2015.

RE:   FAIR LABOR STANDARDS ACT OVERTIME LAWSUIT FILED AGAINST HGS COLIBRIUM, INC.

# INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit for alleged unpaid overtime, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this lawsuit should you decide that it is in your interest to do so, and should you want to participate.

# DESCRIPTION OF THE LAWSUIT

On August 22, 2016, a lawsuit was filed against HGS Colibrium, Inc. ("Colibrium"), in federal court in Atlanta, Georgia. The case was filed by Bradley Albert and Patrick Kniery, who sought to bring the lawsuit on behalf of themselves and all other individuals employed by Colibrium as Sales Representatives at its Roswell, Georgia facility, who sold or renewed health insurance policies for Colorado HealthOp between September 1, 2014, and March 31, 2015. The lawsuit alleges that all of these Sales Representatives are owed overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for all hours they worked over forty (40) hours per week. The lawsuit seeks to recover overtime pay for overtime worked selling health insurance policies on behalf of Colorado HealthOp during the September 1, 2014, to March 31, 2015, period. The lawsuit also seeks liquidated damages, attorneys' fees and costs.

Colibrium denies the allegations in this lawsuit filed by Mr. Albert and Mr. Kniery. Colibrium claims that it acted in good faith, complied with the Fair Labor Standards Act, and paid its employees all required overtime compensation. The Court has not reached any decision on the merits of the case. The case is currently in an early stage.

## **COMPOSITION OF THE CLASS**

The named plaintiffs, Mr. Albert and Mr. Kniery, were employed by Colibrium. They seek to represent individuals:

(a) Who were employed by Colibrium as "Sales Representatives" at its Roswell, Georgia facility from September 1, 2014, to March 31, 2015;

(b) Who sold and/or renewed health insurance policies on behalf of Colibrium's client, Colorado HealthOp; and

(c) Who worked more than forty hours per week and were not paid overtime for overtime hours worked.

## **YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT**

If you fit the description above, you may join this lawsuit (that is, you may "opt in") provided that a completed "Consent to Join" form is received by Plaintiffs' counsel on or before [INSERT DATE THIRTY (30) DAYS FROM THE DATE OF THE NOTICE] and you meet the criteria to opt-in. A copy of the Consent to Join form is enclosed. You must mail, fax or email the Consent to Join

form to Plaintiffs' counsel, who will file it with the Court on your behalf.  The address, telephone number, fax number and email address of Plaintiffs' counsel are as follows:

>John R. Hunt, Esq.
>Stokes Wagner
>One Atlantic Center, Suite 2400
>1201 W. Peachtree Street
>Atlanta, GA 30309
>Telephone:  (404) 766-0076
>Fax:  (404) 766-8823
>Email:  jhunt@stokeswagner.com

### **EFFECT OF JOINING OR NOT JOINING THIS ACTION**

If you choose to join this action, you will be bound by the judgment of the Court, whether it is favorable or unfavorable, on all issues which are decided by the Court.  If you choose not to join this action, you will not be affected by any judgment, favorable or unfavorable, that may result from this lawsuit.  If you do not join this action, you are free to take action on your own.

If you file a Consent to Join form, your continued right to participate in this action may be affected by a later decision by the Court that you are not "similarly situated" with Plaintiffs.

If you choose to file a Consent to Join form and become a plaintiff in this lawsuit, you may be required to provide information or documents to counsel for Plaintiffs and to counsel for Colibrium, give deposition testimony, and, if the case proceeds to trial, you may be required to testify in court.

## NO RETALIATION PERMITTED

Federal law prohibits Colibrium from discharging you or otherwise retaliating against you because you choose to participate in this lawsuit.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, you will be agreeing to representation by Plaintiffs' counsel. If there is no recovery, attorneys' fees will not be paid to Plaintiffs' counsel. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the Plaintiffs to make decisions on your behalf concerning the litigation, such as the method and manner of conducting or settling the litigation. The decisions and agreements made and entered into by the Plaintiffs will be binding on you. You have the right to obtain legal advice from any attorney of your choosing as to the meaning of this Notice and the advisability of filing a Consent to Join form.

## COLIBRIUM'S COUNSEL

Colibrium is represented by the attorney and law firm listed below:

> John Lockett, Esq.
> Morris, Manning & Martin, LLP
> 1600 Atlantic Financial Center
> 3343 Peachtree Road NE
> Atlanta, GA 30326
> Telephone: (404) 233-7000
> Fax: (404) 365-9532
> Email: jlockett@mmmlaw.com

**DEADLINE FOR FILING YOUR CONSENT TO JOIN FORM**

If you believe you fall within the class of persons identified above and desire to become a party to this lawsuit, you must completely fill out the attached Consent to Join form and return it to Plaintiffs' counsel on or before [INSERT DATE THIRTY (30) DAYS FROM THE DATE OF THE NOTICE]. Persons whose Consent to Join forms are not received by Plaintiffs' counsel by [INSERT DATE THIRTY (30) DAYS FROM THE DATE OF THE NOTICE] will not be permitted to join this lawsuit.

**FURTHER INFORMATION**

Further information about this lawsuit or this Notice can be obtained by contacting Plaintiffs' counsel at the address or telephone number provided above.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, THE HONORABLE WILLIAM S. DUFFEY, JR., DISTRICT JUDGE.**

**THE COURT TAKES NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR HGS COLIBRIUM, INC.'S DEFENSES.**